# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **MARTY GROBERG,**<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**MICHAEL J. ASTRUE, Commissioner of Social Security,**<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:08CV159DAK<br><br>Judge Dale A. Kimball |

　　　　　This matter is before the court on Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act and Plaintiff's Supplemental Application for Attorney Fees under the Equal Access to Justice Act. Defendant has filed a memorandum opposing Plaintiff's requests for fees on the grounds that the government's position was substantially justified. The court concludes that oral argument would not materially aid the court's determination of the issue before it. The court has carefully reviewed the memoranda filed in conjunction with Plaintiff's applications, as well as the facts and law relevant to the applications.

　　　　　Plaintiff is seeking attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.*

The United States Supreme Court has defined "substantially justified" to mean that the position taken by the government was "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The court stated that this definition is the same as that adopted by the Ninth Circuit, which looks to a reasonable basis both in law and fact. *Id.* The government's "position can be justified even though it is not correct, and . . . it can be substantially (*i.e.* for the most part) justified if a reasonable person could think it correct." *Id.* at 566 n.2.

In the social security context, the substantial justification standard under the EAJA is not the same as the substantial evidence standard under the Social Security Act, 42 U.S.C. § 405(g). This "would result in an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits." *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988). "[T]he reversal of an agency for lack of substantial evidence does not raise a presumption that the agency was not substantially justified." *Pullen v. Bowen*, 820 F.2d 105, 108 (4th Cir. 1987). "[T]he government's position in the district court normally would be substantially justified if, as is usual, the United States attorney does no more than rely on an arguably defensible administrative record." *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991).

This court affirmed the Commissioner's decision finding that it was supported by substantial evidence in the record. Plaintiff appealed this court's order, and the Tenth Circuit reversed this court's judgment. The Tenth Circuit's decision, however, merely demonstrates that reasonable persons could disagree as to which sources to rely upon and what weight to give to the medical sources and treatment records. The ALJ in this case provided a lengthy and detailed assessment of the evidence and sources. Moreover, while the ALJ could have more fully

discussed whether Plaintiff's condition met or equaled a listed impairment, it appeared to this court to be adequate under Tenth Circuit precedent. The court concludes that the government was substantially justified both in law and fact in defending the ALJ's decision. Accordingly, Plaintiff's applications for attorney fees under the EAJA are denied.

DATED this 16th day of August, 2011.

BY THE COURT:

_____
Dale A. Kimball,
United States District Judge